IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| MILLARD HOEK,<br><br>       Plaintiff<br><br>v.<br><br>ELI LILLY AND COMPANY and LILLY USA, LLC,<br><br>       Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

### SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

**IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): <u>Millard Ethernathan Hoek</u>.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: <u>N/A</u>, as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): <u>N/A</u>.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: <u>N/A</u>.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

    _____ Novo Nordisk Inc.

    _____ Novo Nordisk A/S

    __X__ Eli Lilly and Company

    __X__ Lilly USA, LLC

    _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   Cleveland, Ohio

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   Ohio

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   Ohio

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   Cleveland, Ohio

10. Jurisdiction is based on:

    __X__ diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____ other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    Northern District of Ohio

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __X__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

   \_\_\_\_\_ other (plead in sufficient detail as required by applicable rules):

   _____

   _____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

   __N/A_____

## PRODUCT USE

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    \_\_\_\_\_    Ozempic (semaglutide)

    \_\_\_\_\_    Wegovy (semaglutide)

    \_\_\_\_\_    Rybelsus (oral semaglutide)

    \_\_\_\_\_    Victoza (liraglutide)

    \_\_\_\_\_    Saxenda (liraglutide)

    __X__    Trulicity (dulaglutide)

    \_\_\_\_\_    Mounjaro (tirzepatide)

    \_\_\_\_\_    Zepbound (tirzepatide)

    \_\_\_\_\_    Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

    Trulicity:  Approximately June 2018 – January 2019_____

_____

_____

_____

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

   __X__ Gastroparesis

   __X__ Other gastro-intestinal injuries (specify): <u>Nausea, Abdominal Pain & Bloating, Vomiting, Diarrhea</u>

   _____ Ileus

   _____ Ischemic Bowel/Ischemic Colitis

   _____ Intestinal Obstruction

   _____ Necrotizing Pancreatitis

   _____ Gallbladder Injury (specify): _____

   _____ Micronutrient Deficiency

   _____ Wernicke's encephalopathy

   _____ Aspiration

   _____ Death

   _____ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

   <u>Gastroparesis (September 2019)</u>

   <u>Nausea, Abdominal Pain & Bloating, Vomiting, Diarrhea (June 2018)</u>

   _____

   _____

   _____

6

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    __X__ Injury to self

    _____ Injury to person represented

    __X__ Economic loss

    _____ Wrongful death

    _____ Survivorship

    _____ Loss of services

    _____ Loss of consortium

    _____ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

    \_\_\_\_\_  Count I:    Failure to Warn – Negligence

    \_\_\_\_\_  Count II:    Failure to Warn – Strict Liability

    __X__  Count III:    Breach of Express Warranty/Failure to Conform to Representations

    \_\_\_\_\_  Count IV:    Breach of Implied Warranty

    __X__  Count V:    Fraudulent Concealment/Fraud by Omission

    __X__  Count VI:    Fraudulent/Intentional Misrepresentation

    \_\_\_\_\_  Count VII:    Negligent Misrepresentation/Marketing

    \_\_\_\_\_  Count VIII:    Strict Product Liability Misrepresentation/Marketing

    \_\_\_\_\_  Count IX:    Innocent Misrepresentation/Marketing

    \_\_\_\_\_  Count X:    Unfair Trade Practices/Consumer Protection (see below)

    \_\_\_\_\_  Count XI:    Negligence

    \_\_\_\_\_  Count XII:    Negligent Undertaking

    __X__  Count XIII:    State Product Liability Act (see below)

    \_\_\_\_\_  Count XIV:    Wrongful Death

    \_\_\_\_\_  Count XV:    Loss of Consortium

    \_\_\_\_\_  Count XVI:    Survival Action

    \_\_\_\_\_  Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

       N/A_____

       _____

       _____

    b. Identify the factual allegations supporting those claims (by subsection, if applicable):

       N/A_____

       _____

       _____

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

   Ohio Rev. Code § 2307.72 (A) & (B)

   b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

   Count I: Negligent Failure to Warn, Count II: Strict Liability Failure to Warn, Count IV: Breach of Implied Warranty, Count VII: Negligent Misrepresentation/Marketing, Count VIII: Strict Product Liability Misrepresentation/Marketing, Count IX: Innocent Misrepresentation/Marketing, Count XI: Negligence, and Count XII: Negligent Undertaking

   c. Identify the factual allegations supporting those claims:

   See ¶¶ 606-640 of the Master Complaint (Failure to Warn – Negligence), ¶¶ 641-674 (Failure to Warn – Strict Liability), ¶¶ 699-720 (Breach of Implied Warranty), ¶¶ 801-824 (Negligent Misrepresentation/Marketing), ¶¶ 825-848 (Strict Product Liability Misrepresentation/Marketing), ¶¶ 849 (Innocent Misrepresentation/Marketing), ¶¶ 866-880 (Negligence), and ¶¶ 881-903 (Negligent Undertaking), each of which is incorporated herein by reference in support of Plaintiff's claim under the Ohio Product Liability Act. In addition,

<u>Plaintiff alleges the following facts specific to his claims: Plaintiff was prescribed and used Defendants' GLP-1 RA as intended. Plaintiff and Plaintiff's prescribing physician relied on Defendants' labeling and warnings, which failed to disclose the severity and permanence of the gastrointestinal risks associated with the drug. As a direct and proximate result of Defendants' inadequate warnings and product-related misrepresentations, Plaintiff suffered severe gastrointestinal injuries, including gastroparesis, nausea, vomiting, diarrhea, abdominal pain/bloating, and sustained damages as alleged herein.</u>

***\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)?  ___N/A___ . If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: January 12, 2026

By: */s/ Sarah J. Foster*
Sarah J. Foster, FL Bar No. 1018179
Jeffrey L. Haberman, FL Bar No. 98522
**SCHLESINGER LAW OFFICES, P.A.**
1212 SE Third Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800
Fax: (954) 320-9509
sarah@schlesingerlaw.com
jhaberman@schlesingerlaw.com
*Attorneys for Plaintiff*